Filed 2/10/22  P. v. Medina CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060058 |
| v. | (Super. Ct. No. 17CF2370) |
| HECTOR ROJAS MEDINA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Maria D. Hernandez, Judge.  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

A jury found defendant Hector Rojas Medina guilty of committing sex offenses against two children and found true a multiple victim sentencing allegation. The trial court imposed a life sentence. Medina's appointed appellate counsel filed a brief raising no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

We have independently reviewed the trial court record and have similarly found no arguable issues. Thus, we affirm the judgment.

I

BRIEF FACTS AND PROCEDURAL HISTORY

In *Wende* appeals, the California Supreme Court has directed appellate courts to outline "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110.)

In August 2017, Medina and his girlfriend Alma R. were living together in a one bedroom garage apartment in Santa Ana. Also sharing the room were Alma's younger sisters, Guadalupe (eight years old) and Maria (11 years old). One night Alma R. woke up and saw Medina rubbing Maria's vagina. Later, Alma saw Medina in bed with Maria. Alma had told the girls not to say anything because she was afraid of Medina and his family.

Guadalupe eventually disclosed Medina had penetrated her vagina with his penis on two occasions. A sexual assault exam was later conducted on Guadalupe, but it was inconclusive given that her last contact with Medina had occurred at least three days earlier. Maria eventually disclosed Medina had once touched her vagina over her clothes and had once touched her breasts. When Maria first talked to a police officer, she did not tell the truth about what happened.

Police interviewed Medina for about three hours. After Medina provided a DNA sample, police lied to him and told him that the lab found a match of his DNA on

2

Guadalupe. Medina eventually admitted touching Maria's breasts, digitally penetrating Guadalupe's vagina, and rubbing Guadalupe's vagina with his penis on two occasions.

On January 23, 2020, the prosecution filed an amended information charging Medina with two counts of committing a lewd act upon a minor under 14 years old, two counts of committing sexual intercourse with a minor 10 years old or younger, and a multiple victim sentencing allegation. (Pen. Code, §§ 288, subd. (a), 288.7, subd. (a), 667.61, subds. (c), (e)(4), (j)(2).)

On January 27, 2020, a jury trial began. Several witnesses testified, including Alma, Guadalupe, and Maria. The nurse who performed the sexual assault exam on Guadalupe testified as to her findings (the results were largely inconclusive). An expert witness testified as to the five components of Child Sexual Abuse Accommodation Syndrome. Several exhibits were introduced into evidence, including Guadalupe's taped interview.

Medina presented the testimony of an expert as to false confessions. Medina also presented the testimony of a forensic gynecological expert who opined as to Guadalupe's examination, "there is no medical evidence that there was penetration penially or digitally of this child at any time."

The jury found defendant guilty of the charged crimes and found true the sentencing enhancement. The court imposed a sentence of 75 years to life. Medina's counsel filed an opening brief raising no arguable issues. Medina did not file a supplemental brief on his own behalf.

II

DISCUSSION

When appointed counsel identified no arguable issues on appeal, the appellate court must independently review the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two

3

elements.  First, the issue must be one which . . . is meritorious.  That is not to say that the contention must necessarily achieve success.  Rather, it must have a reasonable potential for success.  Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment."  (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, we have reviewed the entire record on appeal.  Based on our independent judgment and analysis, we have similarly found no arguable issues that require briefing or argument.  (See *Wende*, *supra*, 25 Cal.3d at p. 442, fn. 3.)


III

DISPOSITION

The judgment is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ZELON, J.*


*Retired Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.